# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KEVIN A. TOLLIVER,**

    **Plaintiff,**

    v.

    Civil Action 2:17-cv-806
    Judge George C. Smith
    Magistrate Judge Jolson

**REGIONAL DIRECTOR ROBERT JEFFRIES,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Kevin A. Tolliver, a state inmate who is proceeding without the assistance of counsel, has brought this civil rights action against numerous Defendants. In light of the unique procedural posture of this case, the Court **RECOMMENDS** that this action be stayed pending resolution of Plaintiff's appeal of *Tolliver v. Noble, et al.*, No. 2:16-cv-1020 to the United States Court of Appeals for the Sixth Circuit.

## I. BACKGROUND

This case has a bit of history behind it. Prior to filing this matter, Plaintiff filed another lawsuit in this Court, namely *Tolliver v. Noble, et al.*, No. 2:16-cv-1020. Plaintiff's claims in that case primarily concerned an alleged deprivation of personal property (including legal materials) and transfer to another institution. (*See* Doc. 1 in 2:16-cv-1020). The matter came before the Court on an initial screen which required the Court to dismiss the Complaint (or any portion of it) that was frivolous or malicious, failed to state a claim upon which relief may be

granted, or sought monetary relief from a defendant who was immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b).

In a Report and Recommendation issued on January 13, 2017, the Court recommended, *inter alia*, that Plaintiff's Complaint be dismissed for failure to state a claim.  (*See* Doc. 1 in 2:16-cv-1020).  The Court acknowledged that the legal materials Plaintiff was allegedly deprived of pertained to a potential claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and his criminal appeals, but ultimately determined Plaintiff's allegations were inadequately supported by facts in the Complaint.  (*See id*.).

Plaintiff objected on January 30, 2017, explaining that the Court should have received his proposed Amended Complaint addressing these deficiencies.  (*See* Doc. 12 in 2:16-cv-1020).  Plaintiff attached the Notice and Filing of the Motion for Leave to File an Amended Complaint to his objection.  (Ex. 1 to Doc. 12 in 2:16-cv-1020).  Plaintiff also filed a Motion for an Extension of Time to File an Amended Complaint on February 17, 2017, noting his objection to the Report and Recommendation and explaining that he had obtained additional information to support his claims, had attempted to amend his complaint, and was requesting an additional thirty days in order to do so.  (Doc. 13 in 2:16-cv-1020).

On March 8, 2017, the District Judge issued an Order adopting the Report and Recommendation.  (Doc 14 in 2:16-cv-1020).  In doing so, he noted that "Plaintiff object[ed] to the Magistrate Judge's Order and Report and Recommendation, by arguing that he has filed a Motion to Amend his Complaint, but actually he has filed a Motion for Extension of Time to file an Amended Complaint, which has been received and docketed by the Court as ECF No. 13." (*Id*. at 1).  However, the District Judge determined that "Plaintiff's objections present[ed] the same issues presented to and considered by the Magistrate Judge in the Order and Report and

Recommendation" and concluded that "[h]e has failed to establish any basis for reconsideration of the Magistrate Judge's conclusions that his Complaint fails to state a claim which relief may be granted by this Court." (*Id*. at 2). Consequently, the District Judge dismissed the Complaint for failure to state a claim, denied Plaintiff's Motion for an Extension of Time to File an Amended Complaint as moot, and directed the Clerk to terminate the case. (*Id*.).

Two weeks following the District Judge's Order, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Doc. 16 in 2:16-cv-1020). The proposed Amended Complaint provided that his claims arose under 42 U.S.C. § 1983 and concerned alleged retaliation for his successful use of the inmate grievance process in violation of his First Amendment rights. (Doc. 16-1 in 2:16-cv-1020; *see also id*. at 2 (stating that "[p]art and parcel of the retaliation" are claims under the Eighth and Fourteenth Amendments)). Plaintiff's proposed Amended Complaint contained new facts in support of his allegations, many of which concerned the propriety of the religious services provided at the institution. (*See id*.). However, in light of the District Judge's March 8, 2017 Order denying his request to file an Amended Complaint, the Court denied Plaintiff's Motion and instructed Plaintiff that no further filings should be made in the terminated case. (Doc. 17 in 2:16-cv-1020).

On April 11, 2017, Plaintiff appealed the March 8, 2017 dismissal of his Complaint and the denial of his request to file an Amended Complaint to the United States Court of Appeals for the Sixth Circuit. *See Tolliver v. Noble, et al.*, No. 17-3367; (Doc. 18 in 2:16-cv-1020). On December 14, 2017, the Sixth Circuit granted Plaintiff's motion for leave to proceed *in forma pauperis* on appeal and granted his motion for the appointment of counsel due to the relative complexity of some of the issues presented. (*See* Doc. 22 in 2:16-cv-1020).

In the meantime, Plaintiff filed the instant case, which the Court has deemed related to his original case, *Tolliver v. Noble, et al.*, No. 2:16-cv-1020. (*See* Doc. 8). Plaintiff's thirty-one page Complaint is nearly identical to the Complaint that Plaintiff attempted to file two weeks following the District Judge's Order in *Tolliver v. Noble, et al.*, No. 2:16-cv-1020.[1] (*Compare* Doc. 16-1 in 2:16-cv-1020 *with* Doc. 6 in 2:17-cv-806). Thus, the Court must determine whether it is able to review Plaintiff's claims in this case, given that they are the same claims he seeks to pursue through his appeal.

## II. DISCUSSION

The United States Supreme Court addressed "the power of a court to stay proceedings in one suit until the decision of another, and upon the propriety of using such a power in a given situation" long ago in *Landis v. North American Co.*, 299 U.S. 248 (1936). In that decision, the Supreme Court stated, "[v]iewing the problem as one of power, and of power only, we find ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical." *Id.* at 255. Rather, the Supreme Court determined that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and observed that "[h]ow this can best be done calls for the exercise of judgment, which must weigh

---

[1] Comparing the proposed Amended Complaint in 2:16-cv-1020 with the Complaint filed in this case, the changes are few and minor. (*See* Doc. 16-1, ¶ 49 ("Although some are less so than others."), deleted in Doc. 6 in 2:17-cv-806, ¶ 49; Doc. 16-1, ¶ 94 ("Defendant's own prejudice against his faith"), changed to ("Defendant Robert Jefferies personally approved this retaliatory action") in Doc. 6 in 2:17-cv-806, ¶ 94; Doc. 16-1, ¶ 104 ("over 5 years"), changed to ("over 6 years") in Doc. 6 in 2:17-cv-806, ¶ 104; Doc. 16-1, ¶ 119 ("The previously requested injunction (filed as 'doc. 1' but mailed after doc. 2) would have prevented this issue."), deleted in Doc. 6 in 2:17-cv-806, ¶ 119; Doc. 16-1, ¶¶ 128, 130 ("7 Sinclair classes" and "2½ years"), changed to ("Sinclair classes" and "2 years") in Doc. 6 in 2:17-cv-806, ¶¶ 128, 130; Doc. 16-1, ¶ 135 ("the Emergency TRO requested in his second filing in this case (the court has labeled this (doc. 1)," changed to ("an Emergency TRO request that has been abandoned to prevent res judicata") in Doc. 6 in 2:17-cv-806, ¶ 135; Doc. 16-1, ¶ 139 (requesting $15,000 in legal fees, sums certain in punitive and compensatory damages), changed to ("[r]easonable attorney fees" and punitive and compensatory damages in amounts to be determined) in Doc. 6 in 2:17-cv-806, ¶ 139).

competing interests and maintain an even balance." *Id*. (citations omitted). "In assessing the propriety of a stay, courts weigh 'the potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration.'" *Schartel v. OneSource Tech., LLC*, 1:15-cv-1434, 2015 WL 7430056, at *1 (N.D. Ohio Nov. 17, 2015) (quoting *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004)).

The initial screening that the Court would typically conduct at this stage of the proceedings suggests that Plaintiff may have at least some viable claims under RLUIPA and the First Amendment based on free exercise and retaliation; hence, Plaintiff would have an interest in the efficient resolution of those claims on the merits. Indeed, Defendants, the public, and this Court share that same interest. However, if Plaintiff is able to pursue those same claims in the 2016 case, his claims may be precluded here. At the very least, the appeal concerning the same issues between the same parties raises the potential for inconsistent rulings. Because Plaintiff's filings led to this unique procedural posture, it does not appear that a stay of this case would impose an undue burden upon him. There would likewise be no undue hardship on Defendants given that this case is in its early stages. In light of the foregoing, the Court finds that the relevant factors weigh in favor of a stay.

### III.  CONCLUSION

For the reasons explained above, the Court, in its discretion, **RECOMMENDS** that this action be stayed pending resolution of Plaintiff's appeal of *Tolliver v. Noble, et al.*, No. 2:16-cv-1020 to the United States Court of Appeals for the Sixth Circuit. Further, the Court **DIRECTS** the Clerk to send a courtesy copy of this Report and Recommendation to the Corrections Unit of

the Ohio Attorney General's Office and the Clerk of Court for the United States Court of the Appeals for the Sixth Circuit.

## **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.


Date: January 24, 2018                                              /s/ Kimberly A. Jolson
                                                                    KIMBERLY A. JOLSON
                                                                    UNITED STATES MAGISTRATE JUDGE