# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KEVIN A. TOLLIVER,**

    **Plaintiff,**

    v.

**REGIONAL DIRECTOR ROBERT JEFFRIES,** *et al.***,**

    **Defendants.**

Civil Action 2:17-cv-806
Judge George C. Smith
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION

Plaintiff, Kevin A. Tolliver, a state inmate who is proceeding without the assistance of counsel, has brought this civil rights action against numerous Defendants. The Court **RECOMMENDS** that this action be dismissed.

Plaintiff has filed two nearly identical lawsuits in this Court. *See Tolliver v. Noble, et al.*, No. 2:16-cv-1020 (S.D. Ohio) (the "2016 Action"); *Tolliver v. Jefferies, et al.*, No. 2:17-cv-00806 (S.D. Ohio) (the "2017 Action"). After the 2017 Action was filed on September 13, 2017, the Court found that the two cases were related. (2017 Action, Doc. 8). While the 2016 Action was pending on appeal before the Sixth Circuit, the Court therefore stayed the 2017 Action. (*Id.*, Docs. 9, 10).

After the 2016 Action was remanded to this Court, Plaintiff filed an Amended Complaint in the 2016 Action. (2016 Action, Doc. 30). The 2016 Amended Complaint's substantive allegations and claims are identical to those in the 2017 Complaint. (*Compare* 2016 Action, Doc. 30 *with* 2017 Action, Doc. 1).

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (citation and internal quotation marks omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Belser v. Washington*, No. 1:16-CV-1205, 2016 WL 6275343, at *1 (W.D. Mich. Oct. 27, 2016), *aff'd sub nom. Belser v. Washington*, No. 16-2634, 2017 WL 5664908 (6th Cir. Sept. 13, 2017) (citation and internal quotation marks omitted). "Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit." *Id.* (citation and internal quotation marks omitted). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the comprehensive disposition of litigation." *Id.* (citation and internal quotation marks omitted).

The Undersigned therefore recommends that the 2017 Action be dismissed. Plaintiff will be free to fully litigate his claims in the 2016 Action, and dismissal of the 2017 Action will avoid the unnecessary burden and administrative confusion that will result from litigating two separate but identical lawsuits at the same time. As a result, Plaintiff will suffer no prejudice from the dismissal of the 2017 Action, and the Court will ensure "the orderly and expeditious disposition of the 2016 Action," *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186 (citation and internal quotation marks omitted). Dismissal of the 2017 Action is therefore appropriate here. *See Stubbs v. Bryant*, No. 1:17-CV-790, 2018 WL 1136926 (S.D. Ohio Mar. 1, 2018), *report and recommendation adopted*, No. 1:17CV790, 2018 WL 3009100 (S.D. Ohio June 15, 2018) (recommending dismissal of duplicative action based on Court's inherent powers); *Belser*, 2016 WL 6275343, at *1 (dismissing duplicative action based on Court's inherent powers).

## III. CONCLUSION

For the reasons explained above, the Court, in its discretion, **RECOMMENDS** that this action be dismissed.

### **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.


Date: January 28, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE